**WASSERMAN, JURISTA & STOLZ, P.C.**
225 Millburn Avenue - Suite 207
P.O. Box 1029
Millburn, New Jersey  07041
Phone: (973) 467-2700
Fax: (973) 467-8126
Counsel for Andrew Harvey Last
SCOTT S. REVER (SR-1425)

_____

|  |  |
|---|---|
|  | :UNITED STATES BANKRUPTCY COURT |
|  | :FOR THE DISTRICT OF NEW JERSEY |
|  | :CHAPTER 7 |
| **In Re:** | : |
|  | : |
| **ANDREW HARVEY LAST,** | :  Case No.: 10-11537 NLW |
|  | : |
| Debtor. | : |
| _____: |  |
| **COSTA TRANSPORTS, INC.,** | : |
|  | : |
| Plaintiff, | : |
| v. | : Adv. Pro. No.: 10-01511 NLW |
|  | : |
| **ANDREW HARVEY LAST,** | : |
|  | : Hearing Date: June 21, 2010 at 9:00 a.m. |
| Defendant. | : |
| _____ |  |

_____

**CERTIFICATION OF SCOTT S. REVER, ESQ. IN OPPOSITION  TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO RULE 7015 AND TO DISMISS COUNT ONE OF DEFENDANT'S COUNTERCLAIM PURSUANT TO RULE 7041(b)**
_____

I, Scott S. Rever, hereby certify to the Court as follows:

1. I am an attorney at law of the State of New Jersey and am fully familiar with the matters set forth herein.

2. On January 20, 2010, I filed Chapter 7 bankruptcy petitions on behalf of Andrew Last ("Last") and two corporations solely owned by him, Blue Star Logistics, LLC ("Blue Star") and Everlast Logistics, LLC ("Everlast").

3. It is my understanding that prior to the bankruptcy filing, Plaintiff Costa Transports, Inc. ("Costa" or "Plaintiff") obtained a judgment against Blue Star, Everlast and Mr. Last, and Costa was undertaking efforts to collect on the judgment.

4. Upon information and belief, shortly prior to the Petition Date, Costa in an action against Everlast and Blue Star, filed a motion for an order compelling an accounting and directing turnover of funds through which it sought a warrant of arrest for Mr. Last in the event that the Blue Star and Everlast defendants did not comply with the order entered by the Court.

5. On January 22, 2010, after the Debtors' bankruptcy fillings, the State Court entered an order compelling the turnover of assets levied upon, an accounting and other relief, a copy of which is attached hereto (Exhibit "A"). The Order also includes a provision providing that a warrant of arrest would be issued for Andrew Last if the Blue Star and Everlast defendants did not comply with the terms of the order.

6. Notwithstanding the fact that the bankruptcy petition was filed on January 20, 2010, counsel for Costa transmitted a letter to me dated January 26, 2010, a copy of which is attached, transmitting the order to me and advising that the order was entered prior to the debtor's bankruptcy filings when it was clearly not entered prior to the bankruptcy filings. (Exhibit "B")

7. On January 27, 2010, I transmitted a letter to Plaintiff's counsel advising that the order was entered after the Debtors' bankruptcy filings and was void and in violation of the automatic stay. (Exhibit "C").

8. In response thereto, there was a series of emails by and between myself and counsel for the Plaintiff regarding the entry of the order and the fact that it violated the automatic stay. Counsel for Plaintiff indicated to me that he would not reach out to the State Court to

attempt to have the order vacated but he would sign a consent order vacating the order only if I prepared it. I advised Plaintiff's counsel that I did not appear in the action and that it was his responsibility to vacate the order which was entered in violation of the automatic stay. Counsel for Costa merely responded "I disagree". Exhibit "D"

9. Plaintiff refused to make any effort to vacate the order, which clearly violated the stay. Instead he sought to force my client to incur fees and expenses, having me prepare a consent order to remedy Plaintiff's stay violation. It is my understanding that this order has not been vacated notwithstanding the fact that the entry of the order violated the stay.

10. In connection with Plaintiff's motion to amend its complaint and dismiss Count One of Defendant's Counterclaim, Plaintiff's counsel represents to the Court that had I called him and explained Debtor's position that the filing of a complaint against a Debtor based on a pre-petition claim, and to impose an equitable lien on property of the estate was a violation of the stay he would have amended his complaint to add the trustee as a defendant. In light of my prior interactions with counsel regarding the previous stay violation, I did not believe this would have caused him to remedy the violation. In addition, I do not believe it is debtor's counsel's responsibility to advise creditors not to violate the stay.

11. Moreover, I submit that Plaintiff's proposed amended complaint simply adding the trustee as a defendant does not remedy the stay violation and is a violation of the stay in and of itself. If Plaintiff sought to assert a secured claim or a lien, all it had to do is file a proof of claim asserting a lien on the property however, Plaintiff chose to sue the debtor asserting an equitable lien on property of the estate. Plaintiff's attempt to amend is basically an admission that its original complaint violated the stay. It is clear that a simple reading of 11 U.S.C.

§362(a)(1) through (6) should have put Plaintiff and its counsel on notice that the complaint and amended complaint violate each and every section therein.

12. Furthermore, the amended complaint does not make clear that Count Two of the amended complaint to impose an equitable lien on property of the estate, is now asserted solely against the trustee and not the Debtor/Defendant. Accordingly, under the amended complaint, my client would still be in a position to have to defend the claim.

13. My client has already expended significant sums preparing an answer to the second count of Plaintiff's complaint, and preparing the counterclaim against Plaintiff seeking damages for Plaintiff's violations of the automatic stay. Accordingly, my client has already sustained damages as a result of Plaintiff's willful violation of the automatic stay.

14. I submit that the stay violations set forth herein and the stay violation set forth in my client's certification where he indicates that the principal of the Plaintiff demanded money from my client post-petition in violation of the automatic stay, evidences a lack of respect for and a total disregard of the automatic stay provisions of the Bankruptcy Code, that warrant an award of damages and punitive damages. Moreover, there is no basis for simply dismissing my client's counterclaim as my client has already suffered damages and continues to suffer damages.

15. In addition, Plaintiff should not permitted to amend his complaint to add the trustee as a defendant as any amendment is futile as the Trustee's interest in the property pursuant to 11 U.S.C. §544 and Third Circuit case law is superior to any alleged equitable lien asserted by Plaintiff.

16. Plaintiff asserts that it is seeking to dismiss Count Two of the Counterclaim pursuant to F.R.B.P. 7041(b), which permits dismissal of a claim for failure to prosecute, or comply with the Federal Rules of Civil Procedure or a court order. Plaintiff fails to explain how

this rule applies to this case. My client did not fail to prosecute anything or fail to obey the Rules of Procedure or a court order. F.R.B.P. 7041(b) has no application to the facts before this court.

17. I certify that the foregoing statements made by me are true to the best of my knowledge information and belief. If any of the foregoing statements made by me are willfully false, I am subject to whatever punishment this Court deems appropriate.

        Respectfully submitted,

        **WASSERMAN, JURISTA & STOLZ, P.C.**
        Attorneys for Debtor/Defendant

Date: June 11, 2010        /s/   SCOTT S. REVER
        SCOTT S. REVER