**FORMAN
HOLT
ELIADES
& RAVIN LLC
ATTORNEYS AT LAW**



**PLEASE DOCKET**

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

10 JUN 15 AM 11:08

JAMES J. WALDRON
BY:
DEPUTY CLERK

Charles M. Forman**
Michael E. Holt**
Daniel M. Eliades*
Stephen B. Ravin**
Erin J. Kennedy***
Joseph M. Cerra**
Kim R. Lynch**
William L. Waldman**
David S. Catuogno***
Harry M. Gutfleish**
Michelle Rosen Silverman**
Kimberly J. Salomon**
Robert H. Johnson***
Jonathan S. Bodner***
Dipesh Patel**

OF COUNSEL
Michael J. Connolly***
William A. Calandra*

MEMBER NJ & PA BAR*
MEMBER NJ & NY BAR**
MEMBER NJ BAR***

www.formanlaw.com
firm@formanlaw.com

REPLY TO PARAMUS

June 14, 2010

Honorable Novalyn L. Winfield
United States Bankruptcy Court
50 Walnut Street
Newark, New Jersey 07102

RE:    Andrew Harvey Last
       Case No. 10-11537 NLW
       Costa Transports Inc. v. Last
       Adv. Pro. No. 10-01511-NLW
       Motion for Leave to File an Amended Complaint
       Hearing: June 21, 2010, 9:00 a.m.

Dear Judge Winfield:

Please accept this letter brief, filed on behalf of Charles M. Forman, chapter 7 trustee ("Trustee") for Andrew Harvey Last ("Debtor") in opposition to the Motion for Leave to File an Amended Complaint Pursuant to Rule 7015 and to Dismiss Count One of Defendant's Counterclaim pursuant to Rule 7041(b) filed by Costa Transports, Inc. ("Plaintiff") in the referenced adversary proceeding. The Trustee is not a party to the adversary proceeding, however, the Plaintiff proposes to add the Trustee as a party in its amended complaint. The Trustee opposes this request for the reasons stated herein.

The complaint in the captioned adversary proceeding was initially filed by the Plaintiff against the Debtor. The Plaintiff is a creditor in the captioned case. The complaint seeks denial of Debtor's discharge and a determination that the Plaintiff has a valid secured lien against the Debtor's residential real property located at 8 Canterbury Drive, North Caldwell, New Jersey 07006 ("Property").

Count I sets for the allegations relating to Debtor's discharge and alleges discharge should be denied under 11 U.S.C. §727 (a) (2) and (7). The Plaintiff alleges that the Debtor's transfer of his interest in the Property to his spouse within one year prior to the filing of the bankruptcy petition provides grounds for denial of discharge. Count II of the original complaint asserts that the Debtor's transfer of the Property to his spouse prevented the Plaintiff's judgment against the Debtor from attaching to the Property. The Plaintiff asserts that the Debtor is estopped from

Honorable Novalyn L. Winfield
June 14, 2010
Page 2

challenging the Plaintiff's secured lien against the Property based on the Debtor's fraudulent and inequitable conduct. The Plaintiff proposes to amend the complaint to add the Trustee as a party and to change Count II to allege that the Trustee is estopped from challenging Plaintiff's lien.

The Plaintiff's complaint asserts two unrelated causes of action. The first cause of action is whether or not the Debtor is entitled to a discharge because he transferred Property to his spouse within one year prior to filing the bankruptcy petition. Plaintiff's entitlement to this relief will depend on whether or not the transfer of the Property was made with the intent to hinder, delay or defraud a creditor. Although this is a cause of action which also can be asserted by the Trustee, the Trustee is not a necessary party to that action as contemplated by Fed. R. Civ. P. 19 (a), which provides for joinder of a person as a party in an action if "[i]n the person's absence, complete relief cannot be accorded among those already parties". Under 11 U.S.C. § 727(c), an objection to discharge can be brought by the Trustee, a creditor, or the United States Trustee. Thus Plaintiff has standing to bring Count I of the complaint against the Debtor and the Trustee is not as necessary party.[1]

Count II seeks a determination of whether or not the Plaintiff has a lien against the Property which is superior to the Trustee's interest in the Property. In order to resolve this action, the court will need to examine whether or not Plaintiff's judgment was perfected such that it attached to the Property as a lien which can not otherwise be avoided by the Trustee under the Bankruptcy Code. This action is properly brought against the Trustee and not against the Debtor. Although the underlying events which give rise to the issues in Count II are the same as the events which give rise to the issues in Count I, the law, the pertinent facts and the impacted parties are different in each action.

Fed. R. Civ. P. 21, made applicable by Fed. R. Bankr. P. 7021, provides that "[t]he court may also sever any claim against a party". It is within the sound discretion of the court whether or not to sever a claim in a litigation. *Rodin Properties-Shaw Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc., et al.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999). The following factors should be considered by the court in deciding whether or not a motion to be sever shall be granted:

(1)  whether the claims arise out of the same transaction or occurrence;
(2)  whether the claims present some common questions of law or fact;

---

[1] The Trustee has obtained an order extending the time within which he can file an objection to the debtor's discharge, which time is currently due to expire on July 16, 2010. The Trustee intends to conduct a 2004 examination of the debtor and to conduct further examination of the debtor's affairs in this case and in related cases, before the Trustee determines what action, if any, it would be appropriate for him to bring under 11 U.S.C. §727.

FORMAN HOLT ELIADES & RAVIN

Honorable Novalyn L. Winfield
June 14, 2010
Page 3

    (3)    whether settlement of the claims or judicial economy would be facilitated;
    (4)    whether prejudice would be avoided if severance were granted;
    (5)    whether different witnesses and documentary proof are required for the separate claims.

*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 247 F.R.D. 420, 424 (S.D.N.Y. 2007). It is not necessary that all of these conditions be demonstrated for severance to be granted. Severance requires the presence of only one of these conditions. *Id.* The primary considerations for the court are the "principals of fundamental fairness and judicial efficiency". *Id.*

Having these matters determined in two separate adversary proceedings will not impede judicial economy or the expeditious resolution of the cases. Since both cases involve the application of different statutes and law, the proofs, while arising from the same facts, are not the same in each case. Rather, the inclusion of the determination of the lien issue with the allegations regarding the Debtor's entitlement to discharge may actually delay the Trustee's administration of the Property subject to the lien.

Nor will separate adversary proceedings result in conflicting judgments being entered regarding the same matters. A determination of whether or not the Debtor is entitled to a denial of discharge can be made completely independently from a determination of whether the Plaintiff's interest in the Property or the Trustee's interest in the Property is superior.

For the reasons set forth herein, the Plaintiff respectfully requests that the motion be denied to the extent that it seeks to amend the allegations in Count II of Plaintiff's complaint to add the Trustee and/or estate as a party to the action and to seek a determination of the Plaintiff's lien against the Property.

Respectfully,

Erin J. Kennedy
EJK/cfc

cc:    Darren C. Barreiro, Esq. (via e-mail)
       Scott Rever, Esq. (via e-mail)
       Charles M. Forman, Trustee

M:\CMF\LAST, ANDREW\LTRS\NLW-01.doc